IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VIRDIE ALLEN, et al.,

               Plaintiffs,

v.                                              CIVIL  ACTION  NO.  2:05-0578

MONSANTO COMPANY, a Delaware
corporation, with its principal place of business
in the State of Missouri, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendants Monsanto Company and Pharmacia Corporation removed this case to this Court on July 18, 2005. Plaintiffs moved for remand asserting Defendants' removal petition was improper because it was untimely and taken without the consent of the Azko Defendants, and that this Court lacked subject matter jurisdiction over the action. For the reasons that follow, the Court **GRANTS** Plaintiffs' motion for remand, and **ORDERS** the case be **REMANDED** to the Circuit Court of Putnam County, West Virginia.

**I. Background**

On December 17, 2004 Plaintiffs filed a class action complaint in the Circuit Court of Putnam County, West Virginia against the Defendants, Monsanto Company and Pharmacia Corporation ("Pharmacia); Azko Nobel Chemicals, Inc.; Akzo Nobel Services, Inc., Akzo Chemicals, Inc. (collectively "Azko"); Flexsys America Co., Flexsys America L.P., Flexsys International, L.P. and Flexsys International Co. (collectively "Flexsys"). Plaintiffs' class is composed of persons who are or were residents, workers and students of one or more of the

communities surrounding the former chemical plant in Nitro, West Virginia from 1949 to the present. Plaintiffs allege that each Defendant caused Plaintiffs' personal and real property to become contaminated with the dioxins/furans produced at the Nitro plant. Plaintiffs seek compensation for property damage, recovery of the costs of future medical examinations and injunctive relief to prevent further contamination. On March 22, 2005, Defendants moved to dismiss the Complaint. This motion was denied from the bench on June 2, 2005 by Circuit Judge Spaulding.

On July 18, 2005 Defendants Monsanto Company and Pharmacia Corporation filed a notice of removal pursuant to 28 U.S.C. § 1446(b) ("[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable..."). These Defendants sought removal on the basis of federal question claiming that the Nitro plant has operated and continues to operate pursuant to Environmental Protection Agency (EPA) Orders and directives taken under the authority of the federal law of CERCLA (Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.*). Although removal did not occur until six months from filing, the moving Defendants claim that removal was proper under the removal statute thirty days from their receipt on June 16, 2005 of "other paper" in the form of a recently decided district court case which Defendants claim was the first case holding that challenges to a CERCLA cleanup present a federal question allowing removal. Attached to the removal was Defendant Flexsys' consent to removal. Defendants did not receive the consent of Azko. They claim that Azko's consent is not necessary because Azko is a "nominal or formal

party that is mentioned in the complaint only indirectly in relationship to Flexsys." *See* Not. of Removal at ¶ 22.

Plaintiffs filed their motion to remand on August 17, 2005. They claim that removal was improper because it was untimely, made without obtaining the consent of the Azko Defendants, and this Court lacks federal subject matter jurisdiction. Plaintiffs seek an award of costs and actual expenses, including attorneys fees, incurred as a result of this removal.

## II. Standard of Review

The provisions of the United States Code dealing with the removal of cases from state to federal courts are found in 28 U.S.C. § 1441, *et seq.* The general rule announced in these provisions is that if a federal court has original jurisdiction over a case brought in state court, then the case may be removed to federal court as long as the procedural requirements of 28 U.S.C. § 1446 are met. Removal statutes are to be construed strictly against removal, and the burden to establish that removal of the action is proper lies with the party removing the case. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Defendant's notice of removal is defective procedurally in its timeliness and joinder of all defendants. Because these defects alone lead to remand, this Court will not address whether or not subject matter jurisdiction exists.

## III. Discussion

**A.      Remand Proper for Untimeliness**

The moving Defendants argue that their motion was timely under 28 U.S.C. § 1446(b). Specifically, they argue that the case became removable thirty days from their receipt of "other paper" in the form of a *Toxic Law Reporter* dated June 15, 2005 which cites a case decided May

25, 2005 by a federal district court in the Eastern District of Pennsylvania.[1]  Therefore, Defendants claim that their notice of removal filed within thirty days of June 15, 2005 is proper.[2]  Defendants' argument fails for the following reasons.

Defendants cite to *Smith v. Burroughs Corp.* in support of their argument.  670 F.Supp. 740 (E.D. Mich. 1987).  In *Smith*, the district court held that a Supreme Court ruling reversing the law within the Sixth Circuit did constitute the "other paper" required by the removal statute.  The Court further held that, since the defendant filed the notice of removal thirty days from the Supreme Court decision, the petition was timely.  One other district court case hinted at the possibility of a Supreme Court decision fulfilling the "other paper" requirement.  *See Davis v. Time Insurance Co.,* 698 F.Supp. 1317 (S.D. Miss.1988) (suggesting that where a new Supreme Court decision indicates that a case is subject to federal preemption, this changes the character of the litigation so as to make it a new suit which is removable to federal court).

These two cases stand alone in their suggestion that a Supreme Court case may be considered adequate "other paper" to permit removal.  Although the Fourth Circuit has never ruled on this issue, an overwhelming majority of courts examining the same question hold that an intervening Supreme Court case does not provide the basis for removal.  *See, e.g., Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1289 (W.D.Ark. 1987)(recent Supreme Court decisions

---

[1] *North Penn Water Authority v. BAE Systems*, No. 04-5030, slip op. (E.D. Penn. May 25, 2005), *available at* 2005 WL 1279091.

[2] Although this Court will not develop the issue, upon initial review, it seems that even if the *North Penn* decision was "other paper" for purposes of removal, the notice of removal would still be untimely because it was filed well over thirty days after the decision.  Even the *Smith* case holding that a subsequent Supreme Court case was "other paper" stated that the defendant could file thirty days from the date of that decision and not thirty days from whenever defendant somehow became aware of the decision.

not "other paper" under § 1446(b)); *Morsani v. Major League Baseball*, 79 F.Supp.2d 1331, 1333 (M.D.Fla. 1999)(*same*).  Furthermore, courts universally hold that a court decision in separate, unrelated case does not constitute "other paper" for removal purposes.  *See, e.g., Lozano v. GPE Controls,* 859 F.Supp. 1036, 1038 (S.D.Tex.1994) (judicial opinion in an unrelated case is not "other paper" under § 1446(b));  *Metropolitan Dade County v. TCI TKR of S. Fla.*, 936 F.Supp. 958 (S.D.Fla. 1996)(*same*); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732 (3d ed. 1998)("...the publication of opinions by other courts dealing with subjects that potentially could affect a state court's removability...are not recognized as "other paper" sources for purposes of starting a new thirty-day period under Section 1446(b).").

Defendants' argue that the Third and Fifth Circuits have held that in some circumstances an unrelated decision may constitute "order or other paper" when the cases involve similar factual and legal issues.  *See* Def. Resp. in Opp. to Remand at 9-10,  *citing Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993); *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir. 2001).  However, these cases are much more narrow than Defendants contend.  The Court in *Doe* held that, "an order is sufficiently related when, as here, the order in the case came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues."  14 F.3d at 203.  The Fifth Circuit in *Green* held that a decision from their court involving the same defendants and the same legal and factual issues did constitute an "order" permitting removal under *Doe*.  *Green*, 274 F.3d at 267-68.

In the present case, Defendants argue that an unrelated case from another district, involving different defendants, and different factual and legal issues constitutes "other paper" for purposes of the removal petition. The law does not support their position. Although a handful of cases have defined "order or other paper" to include a court decision, those cases involve the very limited circumstances where the defendants are the same, the factual and legal issues are the same, and the decision comes from a binding court. Those circumstances are not present in this case. The case Defendants argue is "other paper" was decided by a Michigan district court in the Sixth Circuit of which they were not parties. Because the moving Defendants fail to meet the procedural requirements of 28 U.S.C. § 1446(b), remand is proper.

**B.     Remand Proper for Failure to Join the Azko Defendants**

Moving Defendants also claim that the consent of the Azko Defendants was not necessary because they are only nominal. This argument also fails. It has long been the general federal rule that all defendants must join in or consent to removal. *See Chicago, R.I. & P. Ry. v. Martin*, 178 U.S. 245 (1900); *Perpetual Bldg & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n*, 217 F.2d 1 (4th Cir. 1954); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325 (5th Cir. 1970). Although each defendant need not sign the notice of removal, courts have consistently held that each defendant does have to independently and unambiguously show his consent to removal within the proper time period *which* may include a separately filed document. *See Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins. Co.*, 963 F.Supp. 553 (N.D.W.Va. 1997).

One recognized exception to this so-called unanimity rule is that nominal or formal parties are not required to join in the notice of removal. *See Farias v. Bexar County Bd. Of Trustees for Mental Health Retardation Serv*., 925 F.2d 866, 871 (5th Cir. 1991); *Bellone v. Roxbury Homes, Inc.*, 748 F.Supp. 434, 436-37 (W.D. Va. 1990); *see also* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731 (3d ed. 1998). The Fourth Circuit has never discussed what defines a nominal party under the removal statutes. The Fifth Circuit, in a widely cited case, stated that nominal parties are those that have only a role of "depository or stakeholder." *Tri-Cities Newspapers*, 427 F.2d at 327 (quoting *Colman v. Shimer*, 163 F.Supp. 347, 350 (W.D. Mich. 1958)). Other courts have ruled that a defendant is nominal "if there is no reasonable basis for predicting that it will be held liable." *See Mullins v. Hinkle*, 953 F.Supp. 744, 750 (S.D. W.Va. 1997) (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993))(understanding this phrase to mean no "legal possibility" of liability). Whether a defendant is a nominal party or not depends on the facts in each case. *Tri-Cities*, 427 F.2d at 327. Examples of defendants determined to be nominal parties include unknown John Does (*Green v. Am. Online*, 318 F.3d 465 (3rc Cir. 2003)); defendants who have already settled with plaintiff (*McCachren v. Bridgestone/Firestone, Inc.*, 287 F.Supp.2d 940 (S.D. Ind. 2003)); insurance company simply holding funds until court which parties should receive the funds (*Miller v. Principal Life Ins. Co.*, 189 F.Supp.2d 254 (E.D. Pa. 2002)).

Applying these principles to the facts of this case, the moving Defendants improperly claim that Azko is a nominal party. Although the moving Defendants claim that Azko is mentioned in the complaint "only indirectly in relationship to Flexsys," a reading of the

complaint shows otherwise.  Although the Plaintiffs do mention the existence of a 1995 operating agreement between Old Monsanto and Azko Novel, NV, this is not the only alleged connection between Azko to the Nitro Plant as claimed by the moving Defendants.  The Plaintiffs specifically allege that Azko "knew and had reason to know of the aforesaid dangerous dioxin contamination..." and also that Azko "had control of, operated, and otherwise had responsibility for Old Monsanto's Nitro Plant."  *See* Compl. at ¶¶ 93-94.  If these allegations are proved true, Azko is much more than a mere depository and could be held liable.

Moving Defendants also claim that Azko is a nominal party because it was joined with the purpose to obtain discovery.  *See* Def. Resp. in Opp. to Remand at 12-13.  This claim lacks merit.  Contrary to the case law cited by Defendant, Plaintiffs allege a cause of action against and seek relief from Azko.  *See Houston v. Newark Box Board Co.*, 597 F.Supp. 989, 990 (E.D. Wis. 1984)("Since the plaintiff neither alleges a cause of action against nor seeks relief from [a defendant], that defendant must be considered nominal.").  Defendants further claim that Azko is a nominal party because Plaintiffs lack evidence to support their allegations of liability.  However, the standard as discussed above, is whether there is any legal possibility for predicting that Azko may be held liable.  Plaintiffs' complaint does provide such a possibility.  Discovery, once completed, may prove an insufficient factual basis for liability.  However, at this point in the litigation, Azko, as an alleged controller or owner of the Nitro plant, is not a nominal party.  Therefore, Azko's consent was necessary for removal and remand is proper.

**C.      Award of Costs and Attorney's Fees Is Proper**

Plaintiffs argue that the tardy and improper removal by moving Defendants justifies an award of costs and attorney fees to Plaintiffs.  The ultimate decision as to whether or not fees

and costs should be awarded is left to the sound discretion of the district court, and it is not necessary for the Court to find "bad faith" on the part of the removing party before making such awards. *Watson v. Charleston Hous. Auth.*, 83 F. Supp.2d 709, 712 (S.D. W. Va. 2000) (citations omitted). "The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal." *Id.* (citation omitted).

Despite the moving Defendants' contention that the *North Penn Water Authority* decision constituted "other paper" for removal purposes, this Court readily concluded otherwise. To support their position that costs are not warranted, the Defendants point to several cases denying any costs to the plaintiff where the defendant relied upon *Smith v. Burroughs* in removal as proof that the law was still developing around what constituted "other paper." *See* Def.'s Response in Opp. To Remand at 16-17. Those cases were decided shortly after the *Smith* decision when courts were first deciding whether court decisions in unrelated cases are "other paper." However, since that time, courts and commentators alike have rejected the reasoning of *Smith*. Plaintiffs have shown and the Court concurs that the basis for removal is "contrary to well-settled authority." *Gibson v. Tinkey*, 822 F.Supp. 347, 348 (S.D. W. Va. 1993).

The Court finds this issue and the failure to obtain Azko's consent for removal were relatively clear and easily resolved against the Defendants. Therefore, the Court finds that an award of attorney's fees is appropriate to compensate Plaintiffs for the costs associated with responding to the removal. The Court directs Plaintiffs to submit an itemized accounting of their costs and fees, together with any supporting affidavits of customary hourly rates of attorneys doing similar work. Defendants are directed to file any objections they have to the accounting

within ten days of said accounting being filed with the Court. Within three days, Plaintiffs may file a reply to any objections.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' motion and **REMANDS** this case to Putnam County Circuit Court. The Court concludes that the Plaintiffs have demonstrated that attorney fees are appropriate in this case and therefore **GRANTS** the request for an award of fees. The Court **DIRECTS** the Plaintiffs to submit for review an accounting of their costs and fees.

ENTER: November 2, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE