IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VIRDIE ALLEN, et al.,

                Plaintiffs,

v.                                           CIVIL ACTION NO. 2:05-0578

MONSANTO COMPANY, a Delaware
corporation, with its principal place of business
in the State of Missouri, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Defendants' motion for reconsideration of the Court's order granting attorney's fees upon remand. This request comes after the U.S. Supreme Court issued an opinion on December 7, 2005 determining the proper standard for awarding attorney's fees when remanding a case to state court. *Martin v. Franklin Capital*, 126 S.Ct. 704 (2005). The Defendants contend that after applying the new standard, Plaintiffs are not entitled to attorney's fees. The Court disagrees with Defendants' arguments.

      Under 28 U.S.C. § 1447(c), a court which remands a case to state court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Conflict has existed throughout the circuits concerning when attorney's fees should be awarded. In its recent opinion, the Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. Courts retain discretion to determine whether such unusual circumstances exist as to depart from this rule in any given case. *Id.*

In arriving at the articulated standard, *Martin* expressly rejected the standards submitted by the parties. The plaintiffs argued that an attorney's fees award on remand should be automatic or at least presumed appropriate. *Id.* at 709. On the other hand, the defendants argued that fees should be awarded only when otherwise warranted such as sanctions under Rule 11. *Id.* Finally, the Solicitor General argued that fees should be awarded only when the removing defendants acted frivolously or without foundation. *Id.* at 710. The Court addressed each of these arguments and dismissed them in turn. Therefore, the *Martin* standard that the Court adopted falls somewhere between an automatic award of fees and an award as warranted by Rule 11 or on a showing of frivolous removal. With this in mind, the Court turns to the present motion.

**A.     Timeliness of the Removal**

In applying *Martin*, the Defendants argue that the dispositive fact is that the Fourth Circuit has not ruled on the issue of whether an intervening court case constitutes "other paper" for removal purposes. In addition, Defendants claim that while the *Smith v. Burroughs, Corp.*, 67 F.Supp. 740, 741 (E.D. Mich. 1987) decision supporting their basis of removal may be criticized by some courts, it has not been overruled. They cite to cases employing the Rule 11 standard, claiming that as long as a party's argument is not contrary to existing circuit precedent, then sanctions are inappropriate. Defendants fail to appreciate the *Martin* standard.

As discussed above, the Supreme Court specifically rejected the argument that fees after remand should be awarded only when warranted under Rule 11. Defendants' argument that the only issue in determining whether their removal was objectively reasonable relates to circuit precedent is not persuasive. Although the Fourth Circuit has not ruled on the issue of whether an intervening

court case may constitute "other paper" for purposes of removal, this is not the only factor to determine if removal was objectively reasonable.

Defendants relied upon the *Smith* decision to support their proposition that the intervening court case of *North Penn Water Authority v. BAE Systems*, No. 04-5030, slip op. (E.D. Penn. May 25, 2005), *available at* 2005 WL 1279091, constituted "other paper." This was not objectively reasonable for two main reasons. First, *Smith* involved a decision by the Supreme Court. As cited by the Court in the order directing remand, in the nearly twenty years since the *Smith* decision, only one other case even suggested that a Supreme Court decision creating a new federal right could be perceived as "other paper." A clear majority of courts hold that even a Supreme Court decision cannot provide the basis for removal. To characterize that decision as a minority view does not adequately express the overwhelming disapproval of that case's legal principle. More importantly, Defendants used the highly criticized *Smith* decision to support their claim that a non-binding Pennsylvania district court decision involving other parties and other issues provided the basis for their removal as "other paper." This Court could not find a single other case to support such a proposition.

Secondly, Defendants sought removal thirty days from the point at which they read the *North Penn* case in a law reporter to which they subscribe. Although the Court did not need to address this issue in its remand order, it is relevant to whether the removal was objectively reasonable. The pertinent removal statute provides removal within a thirty day time period from the receipt of whatever the party is arguing provided notice that the case is now removable. Defendants claim that the thirty day time period to remove began with their receipt of the law reporter which included the *North Penn* decision. However, even the *Smith* decision held that the removal was appropriate only

within thirty days from the date of the Supreme Court's decision. *See Smith,* 67 F.Supp. at 741)("Finding that the Defendant, within 30 days from the April 6, 1987, Supreme Court decision rendering this claim removable filed a petition to remove, Defendant's petition is deemed timely."). Defendants removed well over thirty days from the date of the *North Penn* decision. To hold that Defendants removed in a timely fashion from when they were physically delivered a copy of a decision dated months earlier would be contrary to the time limitation established by the removal statute. A published opinion is a public matter when issued, not merely a paper discovered or exchanged in the investigation or litigation of a claim. If the *North Penn* decision had provided a basis for removal, the time to remove began on the day of that decision.

**B.     Consent of the Azko Defendants**

Defendants also removed this action without obtaining the consent of the Azko Defendants arguing that they were nominal parties whose consent was not needed. Once again, Defendants in their briefs rely heavily on the fact that the Fourth Circuit has never ruled on a standard for nominal parties, and base their reasonableness of removal upon reliance on the case of *Mayes v. Moore*, 367 F.Supp.2d 919 (M.D.N.C. 2005). As discussed above, the *Martin* standard does not depend solely on the existence or absence of circuit precedent, nor on the ability of a party to cite to any one case for support. Without re-analyzing the issue of nominal parties, the Court notes that contrary to Defendants assertions, a reading of the *Mayes* case supports the finding that consent was needed for the Azko Defendants.[1] For similar reasons as expressed in the Court's order granting remand, the

---

[1] The *Mayes* court quoted and applied the standard as articulated by *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325 (5th Cir. 1970). This Court applied the same standard and reasoning to this case in concluding that the Azko Defendants were not nominal parties. A reading of the facts and application of the *Tri-Cities* standard, as discussed by the *Mayes* court and which Defendants should
(continued...)

removing Defendants lacked an objectively reasonable basis for not obtaining the consent of the Azko Defendants.

**C.     Conclusion**

For the foregoing reasons, the Court **DENIES** the motion for reconsideration and **AFFIRMS** the award of attorney's fees and costs to Plaintiffs.  As in the previous order, the Court **DIRECTS** Plaintiffs to submit an itemized accounting of their costs and fees, together with any supporting affidavits of customary hourly rates of attorneys doing similar work.  Defendants are directed to file any objections they have to the accounting within ten days of said accounting being filed with the Court.  Within three days, Plaintiffs may file a reply to any objections.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:          January 25, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
have been aware, illustrates that it was not objectively reasonable to conclude that Azko's consent was not needed.