IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VIRDIE ALLEN, et al.,

          Plaintiffs,

v.                                           CIVIL ACTION NO. 2:05-0578

MONSANTO COMPANY, a Delaware
corporation, with its principal place of business
in the State of Missouri, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Petition for Attorneys' Fees and Costs Due to Improper Removal to Federal Court [Doc. #27]. The Court earlier instructed Plaintiffs to submit an itemized accounting of costs and fees associated with the remand of their case to state court. Plaintiffs now represent that their attorneys spent 179.75 hours challenging the removal of their case. In response, Defendants argue that Plaintiffs' fee request is untimely and the fee unreasonable. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's petition for attorneys' fees and awards attorneys' fees in the amount of $22,275.00.

**DISCUSSION**

In their petition for attorneys' fees, Plaintiffs request $67,500.00 for the costs and fees incurred as a result of Defendants' removal of this case from state court. Plaintiffs have submitted detailed time records listing the hours spent by each of their attorneys and their corresponding hourly rates. In sum, Plaintiffs aver that seven different attorneys were involved with the remand of this case, expending a total of 179.75 hours.

Defendants object to Plaintiffs' petition and argue that (1) the Court's award of attorneys' fees is improper; (2) the Court incorrectly ruled Defendants' removal was untimely; (3) Plaintiffs' requested fee is unreasonable; and (4) Plaintiffs' fee petition is untimely.  The Court will address each of Defendants' objections in turn.

## I. Attorneys Fees Improper/Defendants' Removal Untimely

Defendants once again argue that they had an objectively reasonable basis for seeking removal and for believing that Defendant Asko did not have to consent to the removal petition.  In addition, Defendants reassert their argument that the removal petition was timely filed.  As a result, Defendants contend that Plaintiffs are not entitled to attorneys' fees based on the Supreme Court's holding in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) (holding award of fees pursuant to 28 U.S.C. § 1447(c) proper only when removing party lacks an objectively reasonable basis for seeking removal).

The Court instructed Defendants to file objections to Plaintiffs' accounting, not to relitigate issues upon which the Court has already ruled.  The Court has already considered and rejected Defendants' arguments earlier in its January 25, 2006 Memorandum Opinion and Order and will not entertain Defendants' attempts to relitigate these issues.

## II. Fee Amount Unreasonable

The calculation of a proper attorneys' fee begins with the "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998); *see also Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (applying lodestar formula to 28 U.S.C. § 1447(c) fee calculation); *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, No. 4:06cv102, 2007 WL 445298, at *4 (E.D.

Va. Feb. 5, 2007) (same).  The Court applies the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), in determining whether the hours and rate submitted are reasonable.[1]  *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986).

First, the Court must determine the appropriate hourly rate.  *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).  The reasonable hourly rate is one consistent with the market rate in the district in which the trial court sits.  *Id.*; *Alexander S. By. and Through Bowers v. Boyd*, 929 F.Supp. 925, 936 (D.S.C. 1995).  The Court also compares the skill and experience of the prevailing attorneys to similar lawyers of comparable skill, reputation, and experience within the relevant community in determining whether the claimed fee is reasonable.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiffs represent that their hourly rate ranges from as low as $250.00 per hour to as high as $550.00 per hour.  Plaintiffs assert that this is a customary hourly rate for attorneys engaged in complex environmental tort litigation.  Plaintiffs also state this is the customary hourly rate for legal services in Washington, D.C.  Plaintiffs submitted an affidavit from New

---

[1] The twelve factors identified in *Johnson* include:
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19.

Jersey lawyer Christopher Placitella in support of their claimed hourly rate for lawyers of similar skill and experience, but did not offer evidence of hourly rates within the Charleston region.

The Court finds the hourly rates requested to be excessive compared to the Charleston market. *See Bostic v. American General Finance, Inc.*, 87 F.Supp.2d 611, 619 (S.D. W. Va. 2000) (finding hourly rate of $250.00 to be at the high end of the Charleston legal community). Although some of Plaintiffs' attorneys practice in the Washington, D.C. region, this alone does not justify a higher fee. *See Haught v. Louis Berkman, LLC, West Virginia*, No. 5:03cv109, 2006 WL 344917, at *3 (N.D. W. Va. Feb. 13, 2006) (reducing Washington, D.C. attorney's hourly rate to market rate of Wheeling, W.V.). The Court may look to hourly rates in other markets when necessary, but this matter did not involve special skill or expertise for such a relatively straightforward procedural analysis. As a result, the Court need not consider the rates in other communities as Plaintiffs contend.

Morever, the Court finds the 179.75 hours asserted to be excessive and redundant for such routine procedural work.[2] Plaintiffs' time records show their attorneys spent twenty-seven hours researching and drafting the motion to remand, motion to strike, and supporting memoranda. Plaintiffs' records also show that four lawyers spent over thirty-two hours on telephone conferences, with twenty of these hours in conferences amongst themselves. In sum, the records indicate a significant overlap in services, with multiple lawyers spending full days to review Defendants' removal papers and research 28 U.S.C. § 1447.

---

[2]According to Plaintiffs' records, the hourly breakdown by attorney is:
James F. Humphreys - 7.75 hours; Thomas F. Urban II - 92.00 hours; John M. Mason - 20.50 hours; Stuart Calwell - 9.00 hours; David H. Carriger - 19.00 hours; Alex McLaughlin - 16.50 hours; and David Mollow - 15.00 hours.

When reviewing a fee petition, the Court must exclude any hours that are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may pore through the submitted records and subtract item by item those hours believed to be excessive. *See Central Cab. Co., Inc. v. Cline*, 972 F.Supp. 370, 374 (S.D. W. Va. 1997) (reducing 15.5 hours requested in fee petition to 10). Alternatively, the Court may reduce the fee award by a percentage "as a practical means of trimming fat from a fee application." *New York State Ass'n Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).

In this case, the Court finds it appropriate to reduce the requested fee by 66% to $22,275.00. Plaintiffs' records suggest that too many lawyers were used for routine procedural legal work, which resulted in excessive and duplicative work. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) ("The more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services."). The telephone records, particularly the twenty hours of conference calls between four of the attorneys, further support the Court's finding of excessive and duplicative hours.

The fee shifting provision provided in 28 U.S.C. § 1447(c) allows for the payment of just costs and expenses incurred as the result of removal. Congress did not intend § 1447(c) to penalize defendants or give plaintiffs a windfall. Instead, § 1447(c) is designed to compensate plaintiffs in wrongful removal cases for their actual costs, thus putting them in the same position as before removal. Accordingly, the Court will reduce the fee request by 66% in this case to avoid such a windfall to Plaintiffs' attorneys.

**III. Fee Petition Not Untimely**

Finally, Defendants argue that Plaintiffs' fee petition should be denied as untimely because Plaintiffs waited seven months to file their petition. The Court did not set a deadline in its January 25, 2006 Memorandum Opinion and Order for Plaintiffs to file their fee petition. Although the Court is troubled by the lengthy delay, this delay alone does not warrant denial of the petition.

## CONCLUSION

For the foregoing reasons, Plaintiff's petition for attorneys' fees [Doc. #27] is **GRANTED IN PART** and **DENIED IN PART**. The Court **DIRECTS** Defendants to pay Plaintiffs $22,275.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   June 26, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE